UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              RETURN DATE: July 10, 2014
                                                                    TIME: 10:00 AM
    BENJAMIN SZENES and
    JANINE SZENES,                                 Chapter 7
                                                                    Case No. 812-77382-LAS
                                Debtors.
------------------------------------------------------------x

## DEBTOR'S APPLICATION SEEKING THE ENTRY OF AN ORDER IMPOSING MONETARY SANCTIONS AGAINST US BANK FOR ITS VIOLATIONS OF THE PERMANENT INJUNCTION PROVIDED BY THE DEBTORS' DISCHARGE

BENJAMIN SZENES and JANINE SZENES, the Debtors (the "Debtors") in the instant Chapter 7 case, by and through their attorneys, ALLAN B. MENDELSOHN, LLP, respectfully submit this as and for their application (the "Application") seeking the entry of an Order imposing monetary sanctions against US Bank for its violations of the permanent injunction provided by the Debtor's discharge state as follows:

1. The Debtors filed a voluntary petition pursuant to Chapter 7 on October 7, 2012 (the "Petition Date").

2. The Debtors, thereafter, received a Chapter 7 discharge.

3. Prior to the Petition Date, the Debtors had credit card obligations to US Bank. US Bank was listed as a creditor under two separate addresses.

4. Despite receiving their discharge, US Bank has engaged in an attempt to collect the debt which was discharged. By letter dated January 17, 2014, a copy of which is annexed hereto as Exhibit "A", US Bank demanded payment of $4,493.95, the debt having been discharged.

5.  The Debtors immediately reached out to counsel to ask if (i) US Bank had the right to demand payment; and (ii) if it did not, to advise US Bank that its actions were in violation of the permanent injunction. Accordingly, by letter dated February 13, 2014, a copy of which is annexed hereto as Exhibit "B", counsel advised US Bank of the Debtors' discharge and demanded that they cease and desist.

6.  Despite the letter, US Bank failed to heed any warning and continued to contact the Debtors. A copy of US Bank's demand letter of March 20, 2014 is annexed hereto as Exhibit "C".

7.  Pursuant to the letter, US Bank demanded payment in the amount of $4,493.95 from the Debtors. Counsel carefully scoured the demand to see if US Bank had included any disclaimer language regarding a potential bankruptcy and that the demand was simply for informational purposes only. However, there is no such disclaimer in the March 20, 2014 demand for payment.

8.  Naturally, these "Debtors" are frustrated, frightened and angered. They have gone through the Chapter 7 process. They have received their discharge. Despite that, US Bank continues to attempt to collect money from them which is clearly a violation.

## RELIEF REQUESTED

9.  In this case involving individual Chapter 7 debtors, seeking protection from their creditors, the Debtors find themselves having to move before this Court for relief from the actions of the creditor that are unwarranted and designed to collect payment. Nothing can be more violative of the automatic stay provisions than a creditor that has received actual notice and refusing to recognize the provisions of the Bankruptcy Code. US Bank simply elected to move forward against the Debtors even *after* counsel wrote to it to warn against its behavior.

In addition, US Bank's actions are also offensive to this Court as it clearly failed to recognize the authority of this Court as well as the Order of relief and discharge entered by this Court.

10.  These individual Debtors are entitled to an award of actual damages, although such damages are difficult to measure. The question is what value can be assigned to the Debtors' having to expend their own funds to obtain a resolution of this matter by this Court. The Debtors have also incurred unnecessary legal fees s they were forced to have this firm prepare lengthy pleadings to force compliance by US Bank, a national financial company. There is also the emotional stress suffered by these Debtors who already were significantly stressed by the need to seek bankruptcy protection.

11.  As to punitive damages, Section 362(k) of the Bankruptcy Code authorizes the Court to impose punitive damages upon a violator if appropriate. In this case, the mere fact that US Bank received actual notice and failed to take corrective action and continues to attempt to enforce collection of this debt against the Debtors, provides a sufficient basis to impose punitive damages.

12,  Punitive damages should be "awarded only if a defendant's conduct was malicious, wanton or oppressive". *See, In re Ramirez* 183 B.R. 583, 590 (9th Cir. B.A.P. 1995). In this case, the imposition of punitive damages is certainly warranted because the action taken by a creditor with actual knowledge constitutes an "intentional abuse of legal power and a deliberate and arrogant defiance of federal bankruptcy law". *See, In re Sanson* 99 B.R. 981, 990 (Bankr. C.D. Cal. 1989). The imposition of attorney's fees "constitutes compensatory damages which make an award of punitive damages appropriate". *See, In re Baker,* 140 B.R. 88, 90 (D. Vt. 1992). A decision to impose punitive damages is within the sound discretion of the Court. *See Davis v. I.R.S.* 136 B.R. 423, 425 n.20 (E.D. Va. 1992). This Court may consider such

Factors as (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; and (4) any provocation of the debtor. *See In re Sumpter* 171 B.R. 835, 845 (Bankr. N.D. Ill. 1994).

13. To uphold the integrity of the permanent injunction provided by the Bankruptcy Code, this court must impose sanctions and award punitive damages to make US Bank sit up and take notice including, but not limited to the costs associated with this motion practice. The Debtors have been continually bothered and annoyed by a creditor that has failed to recognize the most fundamental and basic relief under the Bankruptcy Code. These Debtors should not have to come back to this Court for the relief afforded to them at the outset of the case and by the Order granting their discharge.

14. Moreover, if an Order of the Bankruptcy Court is disobeyed, the Court is authorized to impose a fine or other relief to coerce future compliance with the Court's Order, or to compensate the injured party for any harm resulting from noncompliance. *Paramedis Electronmedina Comercial Lida v. GE Medical Systems Information Technologies, Inc.* 369 F.3d 645, 655 (2d Cir. 2004) (imposing civil sanctions because party did not "demonstrate a diligent attempt to comply" with the court's order). *In re Frankel*, 192 B.R. 623, 627 (Bankr. S.D.N.Y 1996) (sanctions for contempt may be utilized to bring about compliance and to compensate a party that has been wronged).

15. A court has "broad discretion" to design a remedy that will bring about compliance; in calculating the amount of the fine, a court may consider the magnitude of the harm threatened by continued contumacy, as well as the probable effectiveness of any suggested sanction. *Paramedics,* 369 F.3d at 659. Furthermore, the court is authorized to award appropriate attorneys' fees and costs to the victim of civil contempt as part of sanctions, regardless of

whether the purpose of the sanction is to compel future compliance or to remedy any harm caused by previous noncompliance. *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (court "may award appropriate attorneys' fees and costs to a victim of contempt").

16. Bankruptcy Courts are empowered to enforce their Orders and to punish abuse of persons through contempt proceedings. Section 105(a) of the Bankruptcy Code expressly provides that:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making a determination necessary or appropriate <u>to enforce or implement court orders or rules or to prevent an abuse of process</u>. *11 U.S.C § 105(a)* (emphasis added).

17. US Bank's blatant disregard for the authority of this Court and the rights of the Debtors should not be countenanced. The Debtors have worked diligently to meet all of their obligations under the Bankruptcy Code and obtain an Order of Discharge.

18. Based on the foregoing, the Debtors believe it to be completely appropriate to hold US Bank in contempt of the discharge injunction of this Court, to sanction it in the amount of $100,000.00 plus attorney fees incurred in this matter, and to direct US Bank to take all steps necessary to immediately discontinue any and all collection actions against the Debtors.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Debtors' Motion and enter an Order holding US Bank in contempt, imposing monetary sanctions upon it in the amount of $100,000.00 plus attorney fees incurred in this matter for the continued, willful violation of Orders of this Court, and directing it to take those steps necessary to discontinue any and all collection action against the Debtors and to comply with the Order of this Court, together

with such other and further relief that this Court deems just and proper herein.

Dated: Huntington, New York
      June 9, 2014

                                                    */s/ Allan B. Mendelsohn*
                                        ALLAN B. MENDELSOHN
                                        ALLAN B. MENDELSOHN, LLP
                                        38 New Street
                                        Huntington, New York 11743
                                        (631) 923-1625



U.S. BANK
P.O. BOX 5227 , CN-OH-W15
CINCINNATI   OH 45202-5227

00033

January 17, 2014

000000010  1 MB  0.405  106481430318636 P

BENJAMIN W SZENES
123 MORTON BLVD
PLAINVIEW NY 11803-5629

U.S. BANK Account Number: LEA9739052554

Current Balance: $4,493.95

Dear BENJAMIN W SZENES:

As we have informed you on multiple occasions to date, you are most certainly aware that your account is seriously past due.

I know that it is possible to work something out with you that will satisfy your obligations. I am a reasonable person willing to work with you to come up with a reasonable solution to this serious problem.

Please call me at your earliest convenience.

Sincerely,

Raelynn Gableman-reed
RECOVERY DEPARTMENT
877-457-3544



This letter is an attempt to collect a debt and any information obtained will be used for that purpose, unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid. If you notify this office in writing within that 30-day period that the debt, or any portion thereof, is disputed, verification of the debt will be obtained and a copy of such verification will be mailed to you. Also, if the name of the original creditor is different from the creditor identified above, upon your written request made within that 30-day period, you will be provided with the name and address of the original creditor.
RR60

|  |  |
|---|---|
| ALLAN B. MENDELSOHN, LLP<br><br>38 NEW STREET<br><br>HUNTINGTON, NY 11743<br><br>TELEPHONE (631) 923-1625    FACSIMILE (631) 423-4536 | ALLAN B. MENDELSOHN<br>MICHAEL J. O'SULLIVAN<br><br>OF COUNSEL |

February 13, 2014

US Bank
P.O. Box 5227, CN-OH-W15
Cincinnati, OH 45202

Attention:    Raelynn Gableman-Reed

Re:    Benjamin Szenes
Acct:    LEA 9739052554

Dear Madam:

My office represented Mr. & Mrs. Szenes in their joint Chapter 7 filing in New York several years ago.

I write in response to your most recent letter which violates their discharge in bankruptcy and is an attempt to collect a discharged debt.

This is my final letter. Unless I receive written confirmation that you will cease and desist all further collection activity on this discharged debt, I will file a Motion to reopen the Bankruptcy Case and to hold US Bank liable for costs, attorney's fees and damages.

Very truly yours,

Allan B. Mendelsohn

ABM:vw
cc: Benjamin Szenes



U.S. Bank
P.O. Box 5227 , CN-OH-W15
Cincinnati  OH 45202-5227
00033

March 20, 2014

000000006  1 MB  0.435  106481508031102 P

BENJAMIN W SZENES
123 MORTON BLVD
PLAINVIEW NY 11803-5629

U.S. Bank Account Number: LEA9739052554

Current Balance: $4,493.95

Dear BENJAMIN W SZENES:

As we have informed you on multiple occasions to date, you are most certainly aware that your account is seriously past due.

I know that it is possible to work something out with you that will satisfy your obligations. I am a reasonable person willing to work with you to come up with a reasonable solution to this serious problem.

Please call me at your earliest convenience.

Sincerely,

Raelynn Gableman-reed
Recovery Department
877-457-3544



This letter is an attempt to collect a debt and any information obtained will be used for that purpose, unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid. If you notify this office in writing within that 30-day period that the debt, or any portion thereof, is disputed, verification of the debt will be obtained and a copy of such verification will be mailed to you. Also, if the name of the original creditor is different from the creditor identified above, upon your written request made within that 30-day period, you will be provided with the name and address of the original creditor.

RR60

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

    BENJAMIN SZENES and
    JANINE SZENES

                              Debtors.
-----------------------------------------------------------------x

Chapter 7
Case No. 812-77382-LAS

**AFFIDAVIT OF MAILING**

STATE OF NEW YORK, COUNTY OF SUFFOLK    ss.:

The undersigned, residing at the address set forth below, being duly sworn, deposes and says: that deponent is not a party to this action, and is over the age of eighteen (18) years.

That on the date this affidavit was sworn to, deponent served a copy of the within Notice of Motion to Reopen Bankruptcy upon:

    US Bank, 205 W. Fourth Street, Cincinnati, OH 45202-2628

    US Bank, P.O. Box 5229, Cincinnati, OH 45201-5229

    US Bank, NA, P.O. Box 79017, St. Louis, MO 63179

    United States Trustee, Long Island Courthouse, 560 Federal Plaza,
    Room 560, Central Islip, New York 11722

the address(es) designated for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, first class mail, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                          _____
                                                                          Allan B. Mendelsohn
                                                                          Kings Park, New York

Sworn to before me this
9th day of June, 2014

_____
Notary Public

MICHAEL J. O'SULLIVAN
Notary Public, State of New York
No. 02OS4985526
Qualified in Nassau County
Commission Expires August 19, 20 17

Chapter 7
Case No.  Case No. 812-77382-LAS
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

BENJAMIN SZENES and JANINE SZENES,

Debtors.

**DEBTOR'S APPLICATION SEEKING THE ENTRY OF
AN ORDER IMPOSING MONETARY SANCTIONS
AGAINST US BANK FOR ITS VIOLATIONS OF THE PERMANENT
INJUNCTION PROVIDED BY THE DEBTORS' DISCHARGE**

ALLAN B. MENDELSOHN
ALLAN B. MENDELSOHN, LLP
38 New Street
Huntington, New York 11743
(631) 923-1625