UNITED STATES BANKRUPTCY COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                                                  Chapter 7

BENJAMIN SZENES and
JANINE SZENES *aka* JANINE SCOTTI,                Case No. 8-12-77382-LAS

                              Debtors.
-----------------------------------------------------------x


# MEMORANDUM DECISION


*Appearances:*


ALLAN B. MENDELSOHN, LLP
*Attorneys for Debtors*
By: Allan B. Mendelsohn, Esq.
28 New Street
Huntington, New York 11743


HON. LOUIS A. SCARCELLA, UNITED STATES BANKRUPTCY JUDGE

The debtors, Mr. and Mrs. Szenes, previously filed, on notice to US Bank, a motion to reopen their chapter 7 case under section 350 of the Bankruptcy Code [docket no. 15] (the "Motion to Reopen") for the limited purpose of permitting the debtors to present their claim that US Bank violated the discharge injunction by seeking to collect its debt as a personal liability from them after the debt has been discharged and the bankruptcy case closed.  A hearing on the Motion to Reopen was held before the Court on June 5, 2014 and the Motion to Reopen was granted.  Before the Court now is the debtors' motion for an Order holding US Bank in contempt for continuously violating the discharge injunction under section 524 of the Bankruptcy Code and imposing damages in terms of attorneys' fees and costs and a civil sanction in the amount of $100,000.00 (the "Contempt Motion") [docket no. 17].  US Bank was served with the Contempt Motion and a hearing on the Contempt Motion was held before the Court on July 10, 2014.  US Bank did not object to the Motion to Reopen or the Contempt Motion and it did not appear at the June 5, 2014 hearing or the July 10, 2014 hearing to controvert the allegations or otherwise explain its conduct.  For the reasons set forth below, the Court finds US Bank in contempt of the discharge injunction.  The Court awards the debtors their attorneys' fees and costs in the sum of $3,050.00 and sanctions US Bank for its conduct in the amount of $500.00.

<u>JURISDICTON AND VENUE</u>

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011.  Consideration of the Contempt Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(O) in which final orders or judgment may be entered by this Court pursuant to 28 U.S.C. § 157(b)(1).

Venue for the debtors' chapter 7 case and proceedings on the Contempt Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

BACKGROUND

The debtors filed for bankruptcy on December 27, 2012 and an order for relief was entered.  Upon entry of the order of relief, the automatic stay came into effect under section 362(a) of the Bankruptcy Code, which enjoins "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case."  11 U.S.C. § 362(a)(6).  The automatic stay generally "continues until . . . the time a discharge is granted or denied."  11 U.S.C. § 362(c)(2)(C).

The debtors listed US Bank Rl in their Schedule F to the petition as a general unsecured creditor with a claim in the amount of $12,260.00 and as having an address of 205 W. Fourth Street, Cincinnati, Ohio (the "W. Fourth Street Address").  The Creditors Mailing Matrix filed with the bankruptcy petition listed the W. Fourth Street Address for US Bank Rl as well as a post office box address for US Bank NA at PO Box 790117, St. Louis, Missouri 63179 (the "790117 Address").

Notice of the debtors' bankruptcy filing [docket no. 4] was sent by first class mail on December 30, 2012 by the Bankruptcy Noticing Center ("BNC") to the debtors' creditors, including US Bank Rl at the W. Fourth Street Address and US Bank by electronic transmission to usbankars.com.  The Court also sent a Notice of Electronic Filing Procedure – Information Regarding Meeting of Creditors [docket no. 5] by first class mail to US Bank Rl at the W. Fourth Street Address and to US Bank at PO Box 5229, Cincinnati, Ohio 45201-5229 (the "5229 Address").  US Bank previously notified BNC that the usbankars.com address and the 5229 Address are its preferred electronic address and mailing address of record pursuant to 11 U.S.C.

§342(f) and Rule 2002(g)(4) of the Federal Rules of Bankruptcy Procedure for all court notices.

Thus, any notification to US Bank by BNC would automatically be redirected from the 790117

Address to the 5229 Address if sent by first class mail or to its usbankars.com address if sent by

email.

The chapter 7 trustee filed a no asset report on February 11, 2013.  The debtors were

granted a discharge under 11 U.S.C. § 727 pursuant to an Order entered on April 11, 2013 (the

"Discharge Order") [docket no. 13] and the bankruptcy case was subsequently closed.  Upon

entry of the Discharge Order, the debtors were discharged of "all debts that arose before the

entry of the order of relief under this chapter."  11 U.S.C. § 727(b).  *In re Dabrowski*, 257 B.R.

394, 409 (Bankr. S.D.N.Y. 2001).  In addition, the granting of the discharge triggered (1) the

dissolution of the automatic stay pursuant to section 362(c)(2)(C) and (2) the operation of the

discharge injunction under section 524, which protects the debtors from any personal liability on

the discharged debts.  11 U.S.C. § 524(a).  See also *Green v. Welsh*, 952 F.2d 30, 32 (2d Cir.

1992).  As set forth in section 524(a) of the Bankruptcy Code:

> (a)    A discharge in a case under this title –
> (1) voids any judgment at any time obtained to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived; [and]
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . . .

11 U.S.C. § 524(a)(1) and (2).

Indeed, the back of the Discharge Order explains the effect of a discharge injunction in a

chapter 7 case as well as the potential consequences of violating such injunction in the following

terms:

3

**Collection of Discharged Debts Prohibited**

> The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s).  A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

A copy of the Discharge Order was sent to the debtors' creditors, including US Bank, on April 13, 2013.  According to the Certificate of Notice filed by BNC dated April 13, 2013 [docket no. 14], the Discharge Order was sent to US Bank by first class mail at the W. Fourth Street Address and to US Bank by electronic notification at the usbankars.com address.  Thus, US Bank had notice of not only the debtors' bankruptcy filing, but also of the Discharge Order and the discharge injunction against any attempts to collect its prepetition debt as a personal liability from the debtors.

Notwithstanding having notice of the bankruptcy case and the Discharge Order, on January 17, 2014, the Recovery Department at US Bank sent a letter (the "January 17 US Bank Letter") to Mr. Szenes, informing him that his account was seriously past due and requested that he contact US Bank in order to work something out that will satisfy the debtor's obligation.  The letter also notes in fine, bold face print at the bottom that "This letter is an attempt to collect a debt . . . ."

By letter to US Bank's Recovery Department dated February 13, 2014 (the "February 13 Letter") sent to the PO Box 5227, Cincinnati, Ohio 45202-5227 address listed on the January 17 US Bank Letter, the debtors' bankruptcy counsel, Allan B. Mendelsohn, Esq., informed US Bank that the January 17 US Bank Letter violates the debtors' bankruptcy discharge and is an attempt to collect a discharged debt, and directed US Bank to cease and desist all further collection

activity.  US Bank did not respond to the February 13 Letter nor did it contact the debtors' counsel to offer any explanation for its actions or a reason for sending the January 17 US Bank Letter.

Instead, the Recovery Department at US Bank sent another letter to Mr. Szenes on March 20, 2014 (the "March 20 US Bank Letter", together with the January 17, 2014 US Bank Letter, the "US Bank Letters"), the contents of which are substantially the same as the January 17 US Bank Letter, including the language "This letter is an attempt to collect a debt . . . ."  In response to the March 20, 2014 US Bank Letter, Mr. Mendelsohn filed the Motion to Reopen this bankruptcy case on April 7, 2014, to enable the debtors to seek relief against US Bank for its violation of the Discharge Order.  The Motion to Reopen was served upon all creditors, including US Bank Rl at the W. Fourth Street Address and US Bank at the 5229 Address.

The Motion to Reopen is supported by Mr. Mendelsohn's affirmation dated April 7, 2014, wherein counsel asserted that "US Bank has continually violated the injunction and repeatedly harassed the debtors in their attempt to collect a discharged debt."  Mendelsohn Affirmation 1, April 7, 2014.

A hearing on the Motion to Reopen was held before the Court on June 5, 2014.  Although Mr. Mendelsohn represented at the hearing that the debtors did not receive any further collection letters from US Bank after the Motion to Reopen was filed, US Bank did not file any opposition nor did it contact Mr. Mendelsohn to explain its conduct or discuss a resolution of the Motion to Reopen.  In addition, US Bank did not appear at the hearing to controvert the allegations asserted in the Motion to Reopen or otherwise explain its conduct.  Accordingly, the Court entered an Order on June 11, 2014, reopening the debtors' closed case pursuant to 11 U.S.C. § 350(b) (the "Order to Reopen").  The Order to Reopen directed Mr. Mendelsohn to serve any further motion

for relief on US Bank at the W. Fourth Street Address, the 5229 Address, as well as the 790117 Address.  In addition, BNC, upon request of the Court, served a copy of the Order to Reopen on US Bank Rl at the W. Fourth Street Address and US Bank at its preferred 5229 Address.

This Contempt Motion was then filed on June 11, 2014.  According to the Affidavit of Mailing dated June 9, 2014, Mr. Mendelsohn served the Contempt Motion on US Bank at the three addresses set forth in the Order to Reopen.  A hearing on the Contempt Motion was held on July 10, 2014 at which Mr. Mendelsohn appeared on behalf of the debtors.  Once again, US Bank did not file any opposition, contact Mr. Mendelsohn nor appear before the Court at the hearing to controvert the Contempt Motion's allegations or otherwise explain its conduct.

DISCUSSION

I.    General.

A discharge injunction not only gives effect to the discharge by prohibiting debt collection efforts of discharged debts but also furthers one of the primary purposes of the Bankruptcy Code, which is to give the debtor an opportunity to make a "financial 'fresh start.'" *Green v. Welsh*, 956 F.2d at 33 (citing *In re Jet Florida System, Inc.*, 883 F.2d 970, 972 (11th Cir. 1989)).  See also, *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934); *Watkins v. Guardian Loan Co. of Massapequa, Inc. (In re Watkins)*, 240 B.R. 668, 675 (Bankr. E.D.N.Y. 1999).

By way of this Contempt Motion, the debtors seek to hold US Bank in contempt, to sanction it $100,000, plus attorneys' fees and costs, for its continued, willful violation of the discharge injunction, and to direct US Bank to take necessary steps to discontinue any and all collection against the debtors and to comply with the Discharge Order pursuant to 11 U.S.C. §§ 105, 524, and 727.  While the debtors also seek the imposition of punitive sanctions pursuant to section 362(k) of the Bankruptcy Code, which imposes statutory damages for violation of the

automatic stay, the Court notes that relief under section 362(k) is not appropriate in this case because the automatic stay has dissolved and has been replaced by the discharge injunction. A violation of a discharge injunction does not give rise to the statutory damages set forth in section 362(k) and is instead addressed by the courts through the use of their "inherent civil contempt power under section 105." *In re Anderson*, 348 B.R. 652, 661 (Bankr. D. Del. 2006).

The Court has the power to enforce a debtor's discharge and its own orders by holding the party violating the discharge injunction in contempt. *Nicholas v. Oren (In re Nicholas)*, 457 B.R. 202, 225 (Bankr. E.D.N.Y. 2011); *Texaco Inc. v. Sanders (In re Texaco Inc.)*, 182 B.R. 937, 945 (Bankr. S.D.N.Y. 1995). Pursuant to section 105(a) of the Bankruptcy Code, the Court

> may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. §105(a); *In re Nassoko*, 405 B.R. 515, 520 (Bankr. S.D.N.Y. 2009). Thus, the Court may issue any order necessary to compel compliance with the Discharge Order in order to give effect to the discharge injunction. Moreover, as a violation of the Discharge Order constitutes a violation of an order of the Court, the Court has the jurisdiction and ability to enforce its own orders. *In re Nicholas*, 457 B.R. at 215 (stating that enforcement of a debtor's discharge is a core proceeding and "[b]ankruptcy courts retain jurisdiction to enforce and interpret their own orders." (quoting *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005))).

II.    Attorneys' fees and Costs.

Courts have awarded attorneys' fees when a party (1) willfully disobeys a court order, and (2) is found to have acted in bad faith, vexatiously, wantonly or for oppressive reasons. *In re Nicholas*, 457 B.R. at 225; *In re Nassoko*, 405 B.R. at 520; *In re Dabrowski*, 257 B.R. at 416; *In re Watkins*, 240 B.R. at 678. Violations of the discharge injunction that were technical,

unintended, or quickly remedied, would not warrant an award of attorneys' fees where there is no evidence of willfulness or bad faith. *In re Nicholas*, 457 B.R. at 226; *In re Dabrowski*, 257 B.R. at 416.

Courts are empowered to take judicial notice of public filings, including a court's docket. *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 Fed. Appx. 46, 48 (2d Cir. 2005). Here, a review of the Court's docket for this bankruptcy case, in particular docket number 14, evidences that US Bank received actual notice of the Discharge Order. Yet, US Bank violated the discharge injunction by sending the January 17 US Bank Letter seeking to collect on the discharged prepetition debt from Mr. Szenes. US Bank's violation was not merely technical or unintended given that US Bank sent another collection letter to Mr. Szenes on March 20, 2014 after it was informed of its violation of the discharge injunction by the February 13 Letter which demanded that US Bank stop all collection activity with respect to the debtors. Each of the US Bank Letters constituted a separate violation of the discharge injunction. Therefore, the Court finds that US Bank willfully disobeyed the Court's Discharge Order and in doing so, acted in bad faith.

Debtors suffered damages as a result of US Bank's actions by having to incur additional attorneys' fees and costs to have the bankruptcy case reopened and to file this Contempt Motion in order to seek judicial intervention to ensure that the US Bank permanently cease its collection efforts against them. Mr. Mendelsohn has submitted an invoice demonstrating that the debtors incurred legal fees and costs in the sum of $3,050.00 in responding to the US Bank Letters and seeking judicial relief. Accordingly, an award of $3, 050.00 in the attorneys' fees and costs as compensatory damages is appropriate.

III.    Punitive Damages.

Where a clear violation of the discharge injunction has been found, the court may also hold the disobedient party in contempt and award not only compensatory damages, but also impose a punitive civil sanction. *In re Velo Holdings Inc.*, 500 B.R. 693, 700 (Bankr. S.D.N.Y. 2013); *In re Nicholas*, 457 B.R. at 227; *DiGeronimo v. Weissberg (In re DeGeronimo)*, 354 B.R. 625 (Bankr. E.D.N.Y. 2006). The debtor must show by clear and convincing evidence that the creditor had knowledge of the discharge and violated it by continuing with the activity enjoined by the injunction. *In re Nassoko*, 405 B.R. at 520; *Torres v. Chase Bank USA, N.A. (In re Torres)*, 367 B.R. 478, 490 (Bankr. S.D.N.Y. 2007). A mere showing that the actions were deliberate is not sufficient but rather the actions must have been taken with "either malevolent intent or a clear disregard and disrespect of the bankruptcy laws." *In re Nicholas*, 457 B.R. at 227; *In re Watkins*, 240 B.R. at 680 (finding punitive damages for violation of a discharge injunction also appropriate where there was malicious and egregious behavior).

The purpose of punitive damages is not only to punish the creditor but to also deter the creditor and others from similar conduct in the future, and the sanctions must be reasonable in their amount. *In re Nicholas*, 457 B.R. at 227 (citing *Vasbinder v. Scott*, 976 F.2d 118, 121 (2d Cir. 1992)). Courts have found sanctions for civil contempt appropriate "to coerce the defendant into compliance with the court's order; and to compensate the complainant for losses sustained." *In re Torres*, 367 B.R. at 490; *In re Meyers*, 344 B.R. 61, 66 (Bankr. E.D. Pa. 2006); *In re Anderson*, 348 B.R. at 661 (imposing sanctions of $500 to deter creditor from including language in future correspondence with any debtors purporting to hold the debtors liable for discharged deficiency claims). Where a creditor quickly remedies a violation of a discharge injunction and the court has no reason to believe that the creditor would not comply in the future, courts may

decline to impose a sanction. *In re Vargas,* No. 09-05420, *2012 Bankr. LEXIS* 856 at *14 (Bankr. E.D. Wa. 2012).

Debtors have shown by clear and convincing evidence that US Bank had knowledge of the Discharge Order yet willfully violated the discharge injunction.  Having found that US Bank not only violated the discharge injunction after it received notice of the Discharge Order but also continued to violate the discharge injunction after it received the February 13 Letter notifying it of its violation, the Court finds these violations to be wilful and rise to the level of sanctionable conduct.  US Bank did not immediately stop sending the collection letters when it received the February 13 Letter nor did it make any effort to contact debtors' counsel to offer any explanation for its course of conduct.  It was only after the debtors filed their Motion to Reopen the bankruptcy case in order to seek sanctions against US Bank, did the letters stop.  US Bank exhibited a clear disregard and disrespect of the bankruptcy laws.  US Bank's violations could have been quickly addressed without the debtors having to incur significant legal fees if US Bank simply contacted the debtors' counsel, filed response papers or appeared in Court at any of the hearings to proffer an explanation for its conduct or to seek a resolution.  US Bank received notice of the February 13 Letter, the Motion to Reopen and the Contempt Motion and had numerous opportunities to respond yet it failed to do so.  US Bank ignored these notices.  Its lack of response can either be interpreted as indifference to a potential sanction of up to $100,000 as was requested by the debtors or an assumption, misguided as it may be, that by stopping the collection letters without the need for any reassurance of no more future violations would make the legal issue before this Court go away.

While the debtors have not received any further collection letters after the Motion to Reopen was filed, this does not excuse US Bank's past conduct or failure to respond.  Neither the

debtors nor the Court have received any assurances or evidence from US Bank that it has remedied the situation permanently or that US Bank has put into place measures to ensure that a similar violation would not occur in the future with respect to the debtors or any other debtor who receives a discharge. The Court can draw no other conclusion than US Bank's conduct exhibits a clear disregard and disrespect for the bankruptcy process. The Court has addressed the damages and losses sustained by the debtors as a result of US Bank's failure to comply with the Discharge Order by its award of attorneys' fees and costs. Therefore, to deter US Bank from sending further collection letters asserting personal liability of a discharged debt against these debtors or any other debtor, the Court finds that a punitive sanction of $500.00 against US Bank to be sufficient under the facts and circumstances.

<u>CONCLUSION</u>

Based upon the foregoing, the Court finds US Bank to be in contempt of the Court's Discharge Order and the Contempt Motion is granted to the extent set forth in this Memorandum Decision.

A separate Order shall be entered.

**Dated: August 6, 2014**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**